# UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re MASCOT ENTERPRISES, INC., <br><br><br>Debtors. | In Chapter 11 proceedings <br><br> Case No. 2-05-bk-1134 <br><br> UNDER ADVISEMENT DECISION RE: MOTION DIRECTING PAYMENT OF INSURANCE PROCEEDS UNDER PLAN AND FOR CONTEMPT OF ORDER OF CONFIRMATION AND SANCTIONS |

At issue is whether Copper State Bank ("CSB") is entitled to withhold from insurance proceeds received approximately $13,000 for attorneys fees and costs incurred after the closing of the sale of a car wash, the estate's primary asset.

On April 5, 2005, the Debtor and CSB entered into a stipulation concerning the CSB claim, stay relief and the sale of the car wash (the "Stipulation"). The stipulation was approved by the Court. In the Stipulation, the parties described certain disputes concerning CSB's claim and agreed that $676,000.00, plus accruing per diem interest of $120.26 and reasonable attorney's fees to be agreed by the parties or ordered by the Court would be immediately allowed without further controversy (defined in the Stipulation as the "Allowed Claim"). The Stipulation also set forth certain time lines for the sale of the car wash and gave CSB remedies in the event those terms were not met. CSB reserved the right to claim additional pre-Stipulation fees of $8,871.37, post-March 15 attorneys fees and costs and default interest. These items were defined in the Stipulation as "Additional Claims." Debtor reserved the right to object to any such Additional Claims and the Stipulation provided that an amount sufficient to pay disputed Additional Claims would be reserved from the sale pending determination by the Court.

On June 20, 2005, the Court entered an Amended Order Confirming Debtor's Plan of Reorganization that had been negotiated and approved by all parties in interest, including the Debtor and CSB (the "Confirmation Order"). The Confirmation Order modifies in some ways the treatment of CSB set forth in the Stipulation. First, it acknowledges the Stipulation and the requirement that

CSB be treated in conformance with the Stipulation, unless otherwise expressly agreed by CSB in the Confirmation Order. Second, it set forth explicit terms for the payment of CSB's claim in paragraph B(i)(c). Third, it established a mechanism for recovering, to the extent possible, insurance proceeds from policies purchased by CSB and by the Debtor and for the distribution of such proceeds to the Purchaser. Fourth, it established a reserve for the benefit of the Purchaser in the event no insurance proceeds were recovered and a protocol for payment of that reserve under various scenarios.[1]

Paragraph B(i)(c) uses the same defined terms as the Stipulation regarding CSB's claims. Recall that the Stipulation established two types of claim–the Allowed Claim and the Additional Claims. The Additional Claims included attorneys fees incurred **after** March 15 and thus includes fees and costs of the type now sought to be recovered by CSB. Paragraph B(i)(c) sets the Allowed Claim at $681,101.05 plus per diem interest at $124.56 from May 15 through closing and $10,000 in attorneys from March 16 through closing. All parties agree that this amount was paid at closing. In addition, paragraph B(i)(c) stated that "[u]pon its receipt of the amounts described in the paragraph, the Bank's Additional Claims will be deemed allowed in the amount of $19,000." Paragraph B(i)(c) has no provision reserving CSB's right to seek additional post-March 15 fees beyond the amount set for as the Additional Claims.

A straightforward reading of the Stipulation and the Confirmation Order leads to the conclusion, therefore, that CSB is limited to the amounts set forth in paragraph B(i)(c). In effect, this paragraph of the Confirmation Order constitutes the resolution of the contested issues reserved in the Stipulation.

The Court finds that sanctions are not appropriate in this circumstance.

---

[1] Counsel for the Chapter 7 Trustee suggests that the Purchaser should be limited to $40,000 of the insurance proceeds and the remainder should be distributed to the estate for the benefit of creditors and equity holders, and that an independent party should be appointed to determine that distribution. The Confirmation Order clearly gives the Purchaser the right to receive the greater of the insurance proceeds or the actual cost of repair. Thus, the Chapter 7 Trustee's suggestion is without merit.

Therefore, IT IS ORDERED:

1. CSB shall turn over to the Purchaser the full amount of insurance proceeds received;

2. Purchaser shall promptly thereafter notify Debtor's counsel that all such proceeds have been received;

3. Upon receipt of such notice, Debtor's counsel shall distribute Released Funds in accordance with the Confirmation Order, including payment of $19,000 to CSB.

So ordered.

**DATED**: March 8, 2007

CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

Copy of the foregoing mailed by the BNC and/or sent by auto-generated mail to:

Brian Sirower
LaShawn D. Jenkins
QUARLES & BRADY LLP
Renaissance One
Two North Central Avenue
Phoenix, Arizona 85004-2391
Attorneys for Copper State Bank

Franklin D. Dodge
RYAN RAPP & UNDERWOOD P.L.C.
3101 North Central Avenue, #1500
Phoenix, Arizona 85067-6379
Attorneys for Debtor

James Cross
OSBORN MALEDON P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85067-6379
Attorneys for Trustee Constantino Flores

Timothy P. Remick
LITTLE, REMICH & CAPP, PLC
2601 North Campbell Avenue, Suite 101
Tucson, Arizona 85719-3164
Attorneys for interested party, Movant, F&S Oil, LLC

3

| | |
|---|---|
| 1 | Thomas H. Allen<br>ALLEN & SALA, P.L.C. |
| 2 | 1850 North Central Avenue, Suite 1150<br>Phoenix, Arizona 85004 |
| 3 | Attorneys for Trustee Constantino Flores |
| 4 | Richard Cuellar<br>OFFICE OF THE U.S. TRUSTEE |
| 5 | 230 North First Avenue, Suite 204<br>Phoenix, Arizona 85003-1706 |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

4